UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO and DR. HONGWEI GAO<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>MIKE POMPEO, U.S. Secretary of State; U.S. DEPARTMENT OF STATE, an Agency of the United States; WILLIAM P. BARR, U.S. Attorney General; CHRISTOPHER WRAY, Director of FBI; FEDERAL BUREAU OF INVESTIGATIONS, an Agency of the United States; THE UNITED STATES OF AMERICA<br><br>　　　　　Defendants. | Case No.: 19-CV-1021 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1. Plaintiffs, Board of Regents of the University of New Mexico (UNM) and Dr. Hongwei Gao, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to complete issuance of Dr. Gao's visa without further delay. Plaintiff UNM filed an H-1B visa petition on behalf of Dr. Gao which was approved on May 20, 2019.  He was interviewed by Defendants, but was placed in "administrative processing." His visa has been in "administrative processing" for about five months. Since then, there has been no decision by Defendants. Plaintiff Gao's application remains within the jurisdiction of Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of Plaintiffs.

1

## JURISDICTION AND VENUE

2. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires an agency to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

4. As set forth below, the delay in processing Plaintiff Gao's properly filed visa application is unreasonable.

5. Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiffs sue the Defendants in their official capacities as officers and employees of the United States. Plaintiff UNM resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. Plaintiff Gao is owed a duty – the issuance of a visa for which he has been petitioned by Plaintiff UNM. Defendants have unreasonably delayed and failed to adjudicate Plaintiff Gao's application with no explanation. Plaintiffs have no other adequate remedy available for the harm they seek to redress – the failure of Defendants to issue the visa.

## PARTIES

7. Plaintiff UNM is the flagship university of the State of New Mexico. Established in 1889, it is the largest university in the state with an outstanding faculty of professors who are highly recognized in their fields.

8. Plaintiff Gao is a national of China. He is a Post-Doctoral Fellow in UNM's Electrical and Computer Engineering Department. He was hired to work specifically in the area of computational electromagnetics, a highly specialized field for which he is uniquely qualified. Dr. Gao is currently outside of the United States awaiting H-1B visa issuance by the U.S. Consulate in Beijing, China.

9. Defendant Mike Pompeo is the Secretary of State, and as such is charged by statute regarding visa issuance to aliens. He is sued in his official capacity only.

10. United States Department of State is an agency of the United States in charge of issuing visas such as the one Plaintiff Gao has applied for.

11. Defendant William P. Barr is the Attorney General of the United States. He is in charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for immigration benefits. He is sued in his official capacity only.

12. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for applicants for immigration benefits.  He is sued in his official capacity only.

13. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for immigration benefits.

14. Defendants are in charge of the processing and adjudication of applications and related background checks for visa issuance.

## LEGAL FRAMEWORK

15. United States employers can petition for nonimmigrant status for foreign national employees.  *See, e.g.,* 8 C.F.R. § 214.2(h).

16. Upon approval of the visa petition, the Secretary of Homeland Security can either change or extend the status of the foreign national if he is in the United States, or forward a copy of the approval to the Department of State so that foreign nationals who are outside the United States can apply for a visa stamp to enable them to enter the United States and be admitted in the status they were petitioned for.

17. The Department of State, in turn, interviews the foreign national at a U.S. consulate post abroad.

18. The Department of State fingerprints applicants and transmits those fingerprints electronically to the FBI in order to conduct background checks.  The background checks are typically instantaneous as the vast majority of visa applicants are issued visas within three days of being fingerprinted. Exhibit 1.

19. Upon conclusion of the above steps, the Department of State issues a visa, which can then be used by the foreign national to be admitted to the United States.

## FACTUAL AND PROCEDURAL BACKGROUND

20. Dr. Gao received his PhD from the Center for Electromagnetic Simulation, School of Information and Electronics, at the Beijing Institute of Technology in 2017.

21. Dr. Gao was a visiting scholar in the Department of Electrical and Computer Engineering at the University of New Mexico between 2015-2017.

22. On or about March 12, 2019, Plaintiff UNM filed an H-1B Petition of a Nonimmigrant Worker on behalf of Dr. Gao.

23. On May 20, 2019, DHS approved the H-1B Petition valid from August 1, 2019 until July 31, 2022. Exhibit 2.

24. Dr. Gao attended an interview at the U.S. Consulate in Beijing and his application was placed in "administrative processing." No reason was given for this delay.

25. Dr. Gao has made multiple inquiries into the status of his application, but Defendants have not provided any information. Exhibit 3.

26. Plaintiff Gao has suffered prejudice from the delay in his visa process because he has now missed three months of his Post-Doctoral Fellowship.

27. Plaintiff UNM has suffered prejudice from the delay because the Department of Electrical and Computer Engineering is without a Post-Doctoral Fellow and is uncertain when or if Dr. Gao will arrive to fulfil these duties. Dr. Gao is qualified in a highly specialized field and UNM is suffering prejudice every day without the contributions he would be making in research and investigation.

## CAUSES OF ACTION
### COUNT ONE

### DECLARATORY JUDGMENT

28. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

29. Defendants in this case have failed to reach a decision on Dr. Gao's visa application. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs. Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

### COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 702, 704, 706 (APA CLAIMS)

30. The allegations contained in paragraphs 1 through 27 above are repeated and re-alleged as though fully set forth herein.

31. Plaintiffs have suffered a "legal wrong" or have been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702.  Plaintiffs are aggrieved by agency action for which there is no other adequate remedy in court.  5 U.S.C. § 704.

32. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

### COUNT THREE

### RELIEF UNDER THE MANDAMUS ACT

33. The allegations contained in paragraphs 1 through 27 above are repeated and re-alleged as though fully set forth herein.

34. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to properly issue a visa when all requirements have been complied with.

35. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiffs clearly meet all three of these criteria.

36. The Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking a visa, including submission of all necessary forms and supporting documents.

37. Defendants have unreasonably failed to adjudicate the Plaintiff's visa application for over five months thereby depriving the Plaintiffs of their rights. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

38. The Defendants owe the Plaintiffs a duty to adjudicate his visa application, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiffs have no alternative means to obtain adjudication of this visa application and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

39. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). Plaintiff Gao has already waited more than five months for adjudication of his pending visa application, well beyond the agency's own published processing timeframe of three days for such applications. This is an unacceptable and unreasonable delay.

40. The Plaintiff is entitled to action on his long-pending visa application, because an unreasonable amount of time has passed since his interview date. Defendants have failed to carry

out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiffs.

41. Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the visa application and any related background checks is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate the pending application for the requested visa.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 4th day of November 2019.


/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiffs
Noble & Vrapi, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
olsi@noblelawfirm.com